UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Judge |
| SHERRY L. SANFORD, JOHN J. MURPHY, | ) |
| CARL B. INTERRANTE, UNKNOWN | ) Magistrate Judge |
| NUMBER OF UNNAMED OFFICERS OF THE | ) |
| CHICAGO POLICE DEPARTMENT, and | ) JURY TRIAL DEMANDED |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, DAVID BENTON, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants SHERRY L. SANFORD, JOHN J. MURPHY, CARL B. INTERRANTE, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity. As soon as the names of the unknown officers are known, plaintiff will move to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On April 6, 2007, at approximately 10:00 AM, plaintiff, DAVID BENTON, who was 62 years old at the time, was lawfully in a vehicle near W. Monroe Street and N. Pulaski Road in the City of Chicago, and was engaged in lawful conduct.

9. A woman walked up to plaintiff's vehicle and started talking to plaintiff. Immediately, an unmarked Chicago police car came the wrong way down the street.

10. Officers, believed to be defendants SHERRY L. SANFORD, JOHN J. MURPHY, CARL B. INTERRANTE, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, arrested plaintiff without probable cause

11. Defendant police officers searched plaintiff's person. They then searched plaintiff's vehicle, all without a warrant, without permission, and without legal cause.

12. Defendant police officers caused a false charge of attempted possession of a controlled substance to be filed against plaintiff. Plaintiff was booked, processed, and charged with said crime, and was wrongfully incarcerated.

13. Plaintiff's vehicle and all its contents were impounded. There was no legal cause to order the vehicle and its contents towed. Plaintiff's personal property was damaged as a result of the illegal tow. Plaintiff had a pay a fee to retrieve his vehicle.

14. The criminal charge against plaintiff was stricken on leave to re-file and was never re-instituted by the Cook County State's Attorney, thus resulting in a favorable termination of said charge against plaintiff.

15. An impoundment and forfeiture proceeding was commenced by defendant police officers against plaintiff's vehicle and its contents, all to the loss and detriment of plaintiff.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

17. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

18. By reason of the above-described acts and omissions of the individual defendants, plaintiff were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

<u>**COUNT I**</u>
**Plaintiff, DAVID BENTON, Against Individual Defendants for False Arrest**

19. Plaintiff, DAVID BENTON, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

20. The seizure and arrest of plaintiff DAVID BENTON were without probable cause and unreasonable.

21. By reason of the conduct of the individual defendants, plaintiff, DAVID BENTON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff DAVID BENTON Against Individual Defendants for Unconstitutional Search and Seizure of His Vehicle and Its Contents

22.     Plaintiff, DAVID BENTON, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

23.     The search and seizure by the individual defendants of plaintiff's vehicle and its contents were performed without a warrant, without legal cause, and without plaintiff's consent, thus invading and violating plaintiff's right to security and privacy.

24.     By reason of the conduct of the individual defendants, plaintiff, DAVID BENTON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff, DAVID BENTON, Against All Individual Defendants for Due Process Violations

25.     Plaintiff, DAVID BENTON, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

26.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

27. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

28. By reason of the conduct of the individual defendants, plaintiff, DAVID BENTON, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

29. Plaintiff, DAVID BENTON, incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

30. The individual defendants maliciously caused a criminal charge to be filed and prosecuted against plaintiff. There was no probable cause for the institution of a criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

31. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying a written criminal charge, and giving false and perjured testimony and information under oath.

32. Plaintiff was wrongfully incarcerated, and then wrongfully prosecuted until the charge was stricken on leave and the Cook County State's Attorney failed to reinstate the charge.

33. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

34. The individual defendant police officers, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

35. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior.*

WHEREFORE, plaintiff, DAVID BENTON, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B. That defendants be required to pay plaintiff special damages,

    C. That defendants, except CITY OF CHICAGO, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY.**

Dated: October 24, 2008                  /s     Irene K. Dymkar
                                                   Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123